IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-799-WYD-BNB

WESTERN STONE & METAL CORP.,

   Plaintiff,

v.

CHRIS RIGGS, an individual, and
JOHN A. WEGMAN, an individual,

   Defendant.

## STIPULATED PROTECTIVE ORDER

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. A party may designate as Confidential Material any document, tangible thing, testimony or other data or information :

    a. Constituting confidential information contained in the personnel file of any employee of Plaintiff;

    b. Constituting a trade secret or other confidential research, development or commercial information.

Nothing this in this Agreement shall preclude a person or entity from using, reviewing, discussing, disclosing or retaining documents, data, or information already in his or its possession, subject to the terms of any confidentiality obligations that may exist pursuant to other prior agreements.

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

    a. attorneys actively working on this case;

    b. persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    c. the parties and designated representatives for the parties;

  d. expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

  e. the Court and its employees ("Court Personnel");

  f. stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

  g. deponents, witnesses, or potential witnesses; and

  h. other persons by written agreement of the parties.

5. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. The acknowledgment form is attached hereto as Attachment A. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel. If a person refuses to execute the acknowledgment form attached hereto then counsel for the parties may confer with each in order to attempt to informally resolve any such refusal.

6. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

7.      Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order.  Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

8.      A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information.  The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order.  If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion.  If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order.  In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be

treated as CONFIDENTIAL.

9.  At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

10. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DATED THIS 12th DAY OF AUGUST 2005.

                                            /s/ Boyd N. Boland
                                          BOYD N. BOLAND, MAGISTRATE JUDGE

STIPULATED AND AGREED TO THIS 11TH DAY OF AUGUST 2005, BY:

| **FAIRFIELD AND WOODS, P.C.** | **DUCKER, MONTGOMERY, ARONSTEIN & BESS, P.C.** |
|---|---|
| /s/Douglas J. Friednash | /s/Francis Stephen Collins |
| Douglas J. Friednash | F. Stephen Collins |
| 1700 Lincoln Street, Suite 2400 | 1560 Broadway, suite 1400 |
| Denver, CO  80203 | Denver, CO  80202 |
| Attorneys for Western Stone & Metal Corp. | Attorneys for Chris Riggs |

**KELLY HAGLUND GARNSEY KAHN LLC**

/s/James W. Hubbell
James W. Hubbell
1441 18th Street, Suite 300
Denver, CO 80202
Attorneys for John A. Wegman

**ATTACHMENT A TO PROTECTIVE ORDER**

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

**I, , have read the Protective Order entered in** *Western Stone & Metal Corp. v. Chris Riggs and John Wegman***, Civil Action No. 05-CV-799-WYD-BNB, understand its contents, and agree not to make any disclosures of information, documents, tangible things, testimony, or other data marked or identified and produced as Confidential Material in this litigation to any person who is not permitted to have access under the Protective Order. I further agree to use information, documents, tangible things, testimony, or other data identified and produced as Confidential Material solely for purposes of this litigation proceeding, but nothing contained herein shall preclude use or disclosure of any documents, data or information I already had before it was produced as Confidential Material in this litigation. To the extent that particular Confidential Material is used against the undersigned in other litigation, legal proceedings or litigation against the undersigned involving Western Stone & Metal Corp., the undersigned may use the same particular Confidential Material to defend against or rebut its use against him or her. With respect to deposition testimony specifically, to the extent that deposition testimony is used against the undersigned in other litigation, legal proceedings or litigation against the undersigned involving Western Stone & Metal Corp., the undersigned may use any portion of the deposition transcript and exhibits, provided that they explain the context of the deposition**

**testimony, rebut or respond directly to the information Western Stone & Metal Corp.,**

**used.**

**Case 1:05-cv-00799-YD-BNB Document 25-3 Filed 08/11/2005 Page 1 of 2**

**Please initial one of the following:**

**_____       I AGREE that any dispute concerning enforcement of this Agreement may be decided by Boyd N. Boland in the above referenced litigation.**

**_____       I DO NOT agree that any dispute concerning enforcement of this Agreement may be decided by Boyd N. Boland in the above referenced litigation.**

        **Signature:** _____
        **Name:**       _____
        **Address:**    _____
                         _____
        **Phone:**     _____