IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 05-cv-00799-WYD-BNB

WESTERN STONE & METAL CORP.,

Plaintiff,

v.

CHRIS RIGGS, an individual, and
JOHN A. WEGMAN, an individual,

Defendants.
_____

**ORDER**
_____

This matter is before me on the following motions:

(1)     Defendant Riggs' **Motion for an Extension of Time to File Expert Witness Rebuttal Report Concerning Niwot Consulting's Report** (the "Motion for Extension"), filed December 6, 2005;

(2)     **Plaintiff's Motion for Determination of Confidential Designation of Documents Produced** (the "Motion for Determination"), filed October 25, 2005;

(3)     Defendants' **Stipulated Motion to Allow Depositions of Dierks, Bennett, and KPMG LLP 30(b)(6) to Occur Outside the Discovery Period** (the "Motion re Depositions"), filed January 5, 2006; and

(4)     Defendants' **Stipulated Motion for Extension of Time for Defendant John Wegman to Respond to Plaintiff's Second Set of Discovery Requests** (the "Motion re Discovery"), filed January 5, 2006.

I held a hearing on the motions this morning and made rulings on the record, which are incorporated here.  In summary and for the reasons stated on the record:

IT IS ORDERED that the Motion for Extension is GRANTED as follows:

(a) The defendants may have to and including **February 17, 2006**, within which to submit an expert designation and report consistent with the requirements of Fed. R. Civ. P. 26(a)(2) in rebuttal to the report of the plaintiff's forensic computer expert, Niwot Consulting;

(b) The plaintiff shall deliver to the defendants on or before **January 13, 2006**, mirror images of the hard drives of the home and work computers of Messrs. Riggs and Wegman, and the defendants shall have unrestricted access to review the contents of those hard drives;

(c) The defendants, at a date and time as the parties may agree but not later than **January 20, 2006**, shall be permitted to review and conduct searches of the same data set on the remaining three computer hard drives and the eight DVDs as was reviewed by Niwot Consulting. The review may be monitored as appropriate by the plaintiff's forensic computer expert or by plaintiff's counsel solely to assure that the defendants' review and searches are limited to the same data set as was reviewed by Niwot Consulting; and

(d) In the event the defendants seek to search or review materials other than the data set reviewed by Niwot Consulting and the parties cannot agree to the requested search or review, or should any other dispute arise among the parties concerning review of computer materials, the parties shall contact my office to arrange an informal conference pursuant to D.C.COLO.LCiv R 7.1A, which I will supervise.  A motion concerning the dispute may not be filed until a Rule 7.1A conference under my supervision has been completed.

IT IS FURTHER ORDERED that the Motion for Determination is DENIED AS WITHDRAWN.

IT IS FURTHER ORDERED that the Motion re Depositions is GRANTED, and the parties may have to and including **January 26, 2006**, within which to complete the depositions of Dierks, Bennett, and KPMG LLP.

IT IS FURTHER ORDERED that the Motion re Discovery is GRANTED, and defendant Wegman may have to and including **January 26, 2006**, within which to respond to Plaintiff's Second Set of Interrogatories, Request for Admissions, and Request for Production of Documents to John Wegman.

Dated January 11, 2006.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge