IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  05-cv-799-WYD-BNB

WESTERN STONE & METAL CORP.,

    Plaintiff,

v.

CHRIS RIGGS, an individual; and
JOHN A. WEGMAN, an individual,

    Defendants.

## ORDER

    THIS MATTER is before the Court on Defendant Chris Riggs' Motion to Compel Arbitration and to Dismiss or Stay Further Proceedings Against Defendant Chris Riggs Pending Completion of the Arbitration ("Defendant's Motion") (# 5), filed May 20, 2005. On June 9, 2005, Plaintiff responded to this motion, and Defendant Riggs replied on June 30, 2005.  Plaintiff's Complaint, filed on April 29, 2005, asserts the following claims against Defendant Riggs: (1) breach of fiduciary duty, (2) breach of duty of loyalty, (3) civil theft, (4) conversion, (5) conspiracy, (6) deceit based on fraudulent concealment, (7) imposition of a constructive trust, (8) violation of the Computer Fraud and Abuse Act, (9) unlawful interception of electronic communication, and (10) unlawful disclosure and use of electronic communication.  These claims arise out of Defendant Riggs' alleged conduct during his employment with Plaintiff.

    Defendant Riggs avers that all of the claims asserted by Plaintiff against him are

subject to an arbitration provision set forth in his Employment Agreement. He also points to Plaintiff's Demand for Arbitration, which was filed with the Judicial Arbiter Group on March 7, 2005, and includes many of the same claims asserted in Plaintiff's Complaint with this Court, as evidence of the arbitrability of these claims. Plaintiff, however, disputes that the claims should be arbitrated, stating instead that the arbitration provision is a narrow one and does not permit arbitration of all the claims in this action.

I initially note that "[t]here is a strong federal policy favoring arbitration for dispute resolution, and this policy 'requires a liberal reading of arbitration requirements.'" *GATX Mgmt. Servs., LLC v. Weakland*, 171 F.Supp.2d 1159, 1162 (D. Colo. 2001) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 23 n. 27 (1983)). In deciding whether these claims are subject to arbitration, I first examine the scope of the arbitration provision in the Agreement and then determine whether Plaintiff's claims fall within its scope. *Cummings v. FedEx Ground Package Sys., Inc.*, 404 F.3d 1258, 1261 (10th Cir. 2005) (*citing Nat'l Am. Ins. Co. v. SCOR Reinsurance Co.,* 362 F.3d 1288, 1290 (10th Cir. 2004)). "'To determine whether a particular dispute falls within the scope of an agreement's arbitration clause, a court should undertake a three-part inquiry.'" *Id.* (quoting *Louis Dreyfus Negoce S.A. v. Blystad Shipping & Trading Inc.*, 252 F.3d 218, 224 (2d Cir. 2001).

> First . . . a court should classify the particular clause as either broad or narrow. Next, if reviewing a narrow clause, the court must determine whether the dispute is over an issue that is on its face within the purview of the clause, or over a collateral issue that is somehow connected to the main agreement that contains the arbitration clause. *Where the arbitration clause*

>  *is narrow, a collateral matter will generally be ruled beyond its purview.*  Where the arbitration clause is broad, there arises a presumption of arbitrability and arbitration of even a collateral matter will be ordered if the claim alleged implicates issues of contract construction or the parties' rights and obligations under it.

*Id.* (emphasis in original).

Applying this test to the arbitration clauses at issue, I consider Paragraph 2.4 "Forfeiture of Severance Benefits" and Paragraph 13 "Arbitration" of the Employment Agreement and Deferred Compensation Plan.  Importantly, Paragraph 13 provides in part:

> Any and all controversies, disputes or claims arising out of or relating to this Agreement shall be resolved in binding arbitration before a retired judge who is associated with the Judicial Arbiter Group located in Denver, Colorado. . . .

Def.'s Mot., Ex. A, ¶ 13.  I find that this clause controls what claims are subject to arbitration because "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit."  *Cummings,* 404 F.3d at 1262 (quoting *AT & T Techs., Inc. v. Communications Workers of Am.*, 475 U.S. 643, 648 (1986).  In attempting to narrow the scope of the provision, Plaintiff argues that "[t]he Agreement is not an employment agreement per se, as it does not describe all of the terms and conditions of his [Riggs'] employment with the Company."  Pl.'s Resp. at 6.  I do not find this argument persuasive.  Rather, I agree with Defendant Riggs that while the Agreement "does contain numerous provisions referring to compensation to be paid to Riggs upon termination of his employment, it also contains general provisions relating to his employment."  Def.'s Reply at 7.

-3-

As such, I find this clause is broad in scope, because it is "the type of provision that '[refers] all disputes arising out of a contract to arbitration.'" *Cummings,* 404 F.3d at 1262 (internal citation omitted). "Where the arbitration clause is broad, there arises a presumption of arbitrability and arbitration of even a collateral matter will be ordered if the claim alleged implicates issues of contract construction or the parties' rights and obligations under it." *Id.* at 1261. In other words, "[w]hen a contract contains a broad arbitration clause, matters that touch the underlying contract should be arbitrated." *Brown v. Coleman Co., Inc.,* 220 F.3d 1180, 1184 (10th Cir. 2000).

Having found the arbitration provision to be broad, I must consider whether Plaintiff's claims against Defendant Riggs fall within the scope of the provision. Again, I note that there is a presumption of arbitrability of these claims. I further note that Plaintiff even "acknowledges that several claims asserted in its Demand for Arbitration may arise from or relate to the compensation that Riggs was to receive upon termination." Pl.'s Resp. at 7. The claims that are asserted in *both* the Demand for Arbitration and Complaint include: breach of fiduciary duty, breach of duty of loyalty, civil theft, conversion, civil conspiracy, and fraud. At the time Plaintiff filed its Demand for Arbitration, it clearly assumed these claims fell within the scope of the arbitration provision of the Employment Agreement. Even without the Demand for Arbitration, I find that these claims fall within the broad purview of the arbitration provision in the Agreement, because they arise out of actions which allegedly took place during Defendant Riggs' employment with Plaintiff.

Based on the foregoing, it is

ORDERED that Defendant Chris Riggs' Motion to Compel Arbitration and to Dismiss or Stay Further Proceedings Against Defendant Chris Riggs Pending Completion of the Arbitration (# 5), filed May 20, 2005, is **GRANTED**.  It is

FURTHER ORDERED that this case is **STAYED as to Defendant Chris Riggs** pending the completion of the arbitration.  It is

FURTHER ORDERED that the parties shall file a status report, not later than 20 days after the completion of the arbitration scheduled for March 22, 2006, advising the Court of the outcome of the arbitration.

Dated:  February 2, 2006

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge